GEORGE A. HILL *vs.* JOSIAH DUNHAM.

It is no ground for arresting judgment in an action on a promissory note, that it bears date of the Lord's day.

SHAW, C. J. This is an action of contract by indorsee against indorser on a promissory note bearing date of April 10th 1853. The defendant answered that he did not owe the amount, except $600 of it, which the plaintiff paid for it. The bill of exceptions does not report the evidence given at the trial, or the instructions to the jury, and therefore we are to presume they were right. After verdict for the plaintiff, the defendant moved in arrest of judgment, and assigned for cause that the note was made on the Lord's day, and therefore illegal and void. This motion was overruled, to which the defendant excepted.

1. This motion cannot be sustained. Whether made on the Lord's day or not is a matter of fact, to be alleged and proved, and the proof must be submitted to the jury. Even if the calendar is competent proof that any given day of any given month and year is the Lord's day, the proof must be produced and given to the jury.

2. Suppose it would appear by the calendar that the day of the date was Sunday, it would not be conclusive that it was made on that date, and the note takes effect from its delivery.

3. By the statute, for the purpose of prohibiting labor and rendering secular acts void, the Lord's day is declared to include the time between the midnight and the sunset of said day. Rev Sts. *c.* 50, § 4. Then it by no means follows that, because the note was dated or made on a Sunday, it was not made after sunset, and so not affected by the statute.

4. By the practice act, no motion in arrest of judgment, for any cause existing before verdict, shall be allowed in any case

where a verdict has been rendered, unless the same affects the jurisdiction of the court. *St.* 1852, *c.* 312, § 22.

*Exceptions overruled, with double costs, and nine per cent. interest from the time of the verdict.*

*J. B. Robb,* for the defendant.

*A. H. Fiske,* for the plaintiff.